JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

STEVEN L. RIDLEY, et al.,

      Plaintiffs,

  v.

WELLS FARGO BANK, N.A., et al.,

      Defendants.

Case No.: SACV 16-00339-CJC(MRWx)

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**

## I. INTRODUCTION

Plaintiffs Steven L. and Geraldine R. Ridley bring this action against Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Barrett Daffin Frappier Treder & Weiss, LLP ("BDFTW") for violations of various sections of the California Homeowner Bill of

Rights ("HBOR"), Cal. Civ. Code §§ 2920 *et seq.*, statutory unfair competition under Cal. Bus. & Prof. Code § 17200 *et seq.*, breach of the covenant of good faith and fair dealing, negligence, and negligent infliction of emotional distress. (*See* Dkt. 1 ["Notice of Removal"] Exh. A ["Compl."].) Before the Court is Plaintiffs' motion to remand, (Dkt. 15.) For the following reasons, Plaintiffs' motion to remand is GRANTED, and the case is REMANDED to Orange County Superior Court.[1] Wells Fargo's pending motion to dismiss, (Dkt. 7), is DENIED WITHOUT PREJUDICE.

## II. BACKGROUND

In 2006, Plaintiffs borrowed $423,750.00 from World Savings Bank, FSB (Wells Fargo's predecessor-in-interest) pursuant to a promissory note that was secured by a deed of trust recorded against their home. (Compl. ¶ 11.) They subsequently fell into financial difficulties and sought a loan modification to lower their monthly mortgage payments. (*Id.* ¶ 14.) Wells Fargo encouraged Plaintiffs to apply for a modification, and despite being unresponsive during the application process, ultimately accepted Plaintiffs' application for consideration. (*Id.* ¶¶ 15–20.) However, in September 2015, a Notice of Default was recorded against Plaintiffs' home, followed by a Notice of Trustee's Sale in January 2016. (*Id.* ¶¶ 21–24.) Plaintiffs allege that Wells Fargo did not consider their loan application in good faith and is attempting to foreclose on their home despite having not abided by the strictures of California law regarding home modification applications. (*Id.* ¶¶ 26–31.) They seek damages, declaratory relief, and injunctive relief. (*Id.* at 17–18.) Importantly, Plaintiffs do not seek a permanent injunction against foreclosure or to invalidate their loan: instead, they seek a temporary injunction "prohibiting Defendants from engaging in unlawful and deceptive acts and practices of foreclosing on property of

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearings set for May 9 at 1:30 p.m. and May 2, 2016 are hereby vacated and off calendar.

California homeowners, including Plaintiffs, *without considering them for within their guidelines* [sic]." (*Id.* at 17 (emphasis added).) The Court understands that Plaintiffs take particular issue with how Wells Fargo determines whether to grant a loan modification, including Wells Fargo's use of a "net present value" analysis. (*Id.*)

Plaintiffs filed in state court on January 28, 2016, against Wells Fargo and BDFTW, which is identified as the trustee on Plaintiffs' deed. (*See generally* Compl.; *id.* ¶ 3.) Wells Fargo removed to this Court on February 26, 2016. (Notice of Removal.) It alleged that this Court has diversity jurisdiction because it and Plaintiffs are diverse—BDFTW is a nominal defendant whose citizenship can be disregarded, Wells Fargo says—and because the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

## III. DISCUSSION

A civil action brought in a state court, but over which a federal court may exercise original jurisdiction, may be removed by the defendant to a federal district court. 28 U.S.C. § 1441(a). "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987); *Infuturia Global Ltd. v. Sequus Pharmaceuticals, Inc.*, 631 F.3d 1133, 1135 n.1 (9th Cir. 2011) ("[A] federal court must have both removal and subject matter jurisdiction to hear a case removed from state court."). The burden of establishing subject matter jurisdiction falls on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. If it appears that the federal court lacks subject matter jurisdiction

at any time prior to the entry of final judgment, the federal court must remand the action to state court. 28 U.S.C. § 1447(c).

At issue here is the amount in controversy. (Plaintiffs' motion to remand does not dispute Wells Fargo's characterization of BDFTW as a nominal defendant whose citizenship can be disregarded.) Wells Fargo argued in its Notice of Removal that the amount in controversy here exceeds $75,000 because "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation," *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977), and here, the "object of the litigation" is Plaintiffs' home, which no doubt is worth more than $75,000. Plaintiffs concede that "where a complaint seeks to *invalidate* a loan secured by a deed of trust, the amount in controversy is the loan amount." *Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1028 (N.D. Cal. 2010). But that is not what they are trying to do, Plaintiffs say. Instead, all they seek is an injunction forbidding Wells Fargo from violating HBOR and therefore requiring that Plaintiffs "be afforded ample opportunity to be properly considered for assistance prior to [foreclosure]." (Dkt. 11 at 5.) Such a temporary injunction will not, Plaintiffs say, support a finding that the full amount of their loan is in controversy.

Plaintiffs are correct. "Courts have roundly rejected the argument that the amount in controversy is the entire amount of the loan where a plaintiff seeks injunctive relief to enjoin a foreclosure sale *pending a loan modification*." *Vergara v. Wells Fargo Bank, N.A.*, No. SACV 15-00058-JLS (RNBx), 2015 WL 1240421, at *2 (C.D. Cal. Mar. 17, 2015) (emphasis in original); *see also Duarte v. Wells Fargo Mortg.*, CV 16-0991-GHK (JPRx), 2016 U.S. Dist. LEXIS 54341, at **10–11 (C.D. Cal. Apr. 21, 2016) (holding that "neither the value of the [p]roperty nor the underlying loan should factor into the amount-in-controversy calculation" when plaintiff did not seek to permanently enjoin foreclosure); *Jauregui v. Nationstar Mortg. LLC*, No. EDCV 15-00382-VAP (KKx),

2015 WL 2154148, at *4 (C.D. Cal. May 7, 2015) (remanding an action where a plaintiff did not "challenge entirely [the bank's] right to collect on the outstanding loan amount," but only sought to temporarily enjoin foreclosure). Wells Fargo has provided no case law calling into question these authorities, and does not attempt to distinguish them.

Certainly the amount in controversy here is not *nothing*. As another court in this District has noted, when a plaintiff seeks to enjoin foreclosure pending a modification, the amount in controversy might include the "costs to process the loan modification" and "interest on the loan [which might accrue while] the relief [i]s pending." *Olmos v. Residential Credit Solutions, Inc.*, 92 F. Supp. 3d 954, 957 (C.D. Cal. 2015). But in any event, it is Wells Fargo's burden to establish subject-matter jurisdiction by demonstrating that the amount in controversy exceeds $75,000. And Wells Fargo offers nothing beyond its argument that the amount of Plaintiffs' loan should qualify. It has accordingly failed to carry its burden, and the Court finds that it lacks subject-matter jurisdiction to adjudicate this action. Plaintiffs' motion to remand is GRANTED.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to remand is GRANTED. The case is REMANDED to Orange County Superior Court. Wells Fargo's pending motion to dismiss, (Dkt. 7), is DENIED WITHOUT PREJUDICE.

DATED: May 3, 2016

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE